**SO ORDERED.**

**SIGNED this 24 day of September, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

IN RE:

COOPERATIVE BANKSHARES, INC.,                    CASE NO. 09-06989-8-JRL

    DEBTOR.                                                                    CHAPTER 7

## ORDER

This matter came before the court on the Federal Deposit Insurance Corporation's, as receiver for Cooperative Bank, ("FDIC-R") motion for an order confirming that the automatic stay does not apply or, in the alternative, for an order granting relief from the automatic stay. A hearing was held on February 15, 2012 in Raleigh, North Carolina. After the hearing, the court ordered the parties to engage in a mediated settlement conference under the court's local rules. The court's March 9, 2012 order stated, "[t]he stay remains in place until such time as the mediator declares an impasse in the mediation and so notifies the court, at which time the court will rule on the pending motion without further hearing." In re Cooperative Bankshares, Inc., Case No. 09-06989-8-JRL (Bankr. E.D.N.C. Mar. 9, 2012) (Leonard, J). The court received notice from the mediator that an impasse was reached by the parties. On July 2, 2012, the FDIC-

R filed a notice of the result of the mediated settlement conference requesting that the court issue a ruling. The trustee responded with a request for additional time for special counsel to brief the jurisdictional issues. A hearing was held on July 19, 2012 in Raleigh, North Carolina. After the hearing, the court ordered that special counsel for the trustee would have fourteen days, subsequent to an order authorizing his employment, to further brief the issues involved and the FDIC-R would have fourteen days to respond.

At issue in this case is a dispute over tax refunds flowing from consolidated tax returns filed by the debtor and its subsidiary bank of which the FDIC-R is the receiver. The FDIC-R's motion for confirmation that the automatic stay does not apply or, in the alternative, relief from the automatic stay articulates five bases for relief: first, that the automatic stay does not apply to the filing of the tax refund complaint in the district court because the complaint does not seek to recover property of the estate and the tax refund dispute did not arise pre-petition; second, that under the Fourth Circuit's three-pronged test the automatic stay should be lifted for cause; third, that the stay should be lifted because the district court has exclusive jurisdiction over the determination of the ownership of the tax refunds under Title 12 and FIRREA; fourth, that bankruptcy court's authority to determine the ownership of the tax refund is placed in doubt due to the decision in Stern v. Marshall, 131 S. Ct. 2594 (2011); and finally, that the stay should be lifted because principles of judicial economy favor this court's deferral to the district court as the claims are non-core.

While this matter has been before the court, the United States District Court for the Eastern District of North Carolina entered an order in a case involving indistinguishable facts. In Fed. Deposit Ins. Corp. v. Jeutter, No. 7:11-CV-130-H (E.D.N.C. Sept. 20, 2012), the district

court considered a trustee's motion to refer the action to the bankruptcy court.  The FDIC as receiver of Cape Fear Bank opposed the motion on similar grounds that the FDIC-R raised in the motion for relief from automatic stay in the case before this court. The district court, unpersuaded by the FDIC-R's arguments, found that jurisdiction properly lies with the bankruptcy court.[1]  The trustee's motion to refer the action to the bankruptcy court was granted. Id.

Based on the foregoing, this court finds that it has jurisdiction over the matter before it and no cause exists to lift the stay.  The FDIC-R's motion for an order confirming that the automatic stay does not apply or, in the alternative, for an order granting relief from the automatic stay is **DENIED**.

## END OF DOCUMENT

---

[1] With respect to the FDIC-R's argument that the district court has exclusive jurisdiction under FIRREA the district court wrote, "[t]he court does not agree that by granting jurisdiction over these matters to the district court, Congress implicitly intended to withdraw the district court's referral power to the bankruptcy court under § 157(a)." Id. at 5.